UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| STEPHANIE LASHAUN HILL,<br><br>   Plaintiff,<br><br>v.<br><br>CGPD, LLC dba TRINITY HEIGHTS APARTMENTS,<br><br>   Defendant | Civil Action No. 4:23-cv-00316<br><br>U.S. District Judge _____ |

# NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441 and Fed. R. Civ. P. 81(d), Defendant CGPD, LLC dba Trinity Heights Apartments removes this lawsuit from the County Court at Law No. 3, Tarrant County, Texas, to the United states District Court for the Northern District of Texas. In support of this removal, Defendant states as follows:

**A.   Nature of the Removed Action**

1.   On January 6, 2023, Plaintiff Stephanie Lashaun Hill filed an Original Petition in the County Court at Law No. 3, Tarrant County, Texas, named *Stephanie Lashaun Hill v. CGPD, LLC dba Trinity Heights Apartments*, and docketed as Cause No. 2023-000159-3 (that lawsuit, the "State Court Action").

2.   In her Original Petition, Plaintiff asserted claims for pregnancy discrimination and retaliation under the Texas Commission on Human Rights Act, Texas Lab. Code Chapter 21 (the "TCHRA") relating to her former employment with Defendant. Plaintiff asserted no federal claims in her Original Petition. (*See* Exhibit A-2, Original Petition.)

3. On January 9, 2023, the court in the State Court Action issued a Citation to Defendant. (*See* Exhibit A-3, Citation.)

4. On February 27, 2023, Plaintiff filed an Amended Petition in the State Court Action. (*See* Exhibit A-4, Amended Petition.)

5. In her Amended Petition, Plaintiff asserted additional claims under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e ("Title VII") as well as under the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. (the "ADA"). *See* Exhibit A-4, Amended Petition, ¶ III.

**B.** **Basis for Federal Jurisdiction**

6. This Court has original jurisdiction over the State Court Action pursuant to 28 U.S.C. § 1331 because Plaintiffs' claims arise under the laws of the United States (specifically, under Title VII and the ADA).

**C.** **Compliance with Removal Procedures.**

**(i).** **Timeliness**

7. Pursuant to 28 U.S.C. § 1446(b)(2)(B), Defendant has 30 days from its receipt through service of the Petition and Citation to remove the State Court Action.

8. Plaintiff has yet to serve any of the papers she has filed in the State Court Action upon Defendant (including the Citation, the Petition, or the Amended Petition). Declaration of George P. Smits, Jr., Exhibit B ("Smits Decl."). ¶ 3.

9. Defendant only learned that the State Court Action had been filed when it researched the dockets and saw that not only had the State Court Action had been filed, but that Plaintiff had filed a Motion for Default Judgment in that proceeding on March 13, 2023 (which also was never served upon Defendant). Smits Decl., ¶ 4.

10. The attempted service described by Plaintiff in her Motion for Default Judgment was not valid because it was never actually delivered to or received by Defendant, was never signed for by Defendant, and the return of service does not contain Defendant's signature as required by Tex. R. Civ. P. 107(c). Smits Decl., ¶¶ 6-7.

11. Under Texas law, Plaintiff's attempted service was "of no effect" and did not establish the state court's jurisdiction over Defendant in the State Court Action. *In re E.R.*, 385 S.W.3d 552, 563 (Tex. 2012) ("If service is invalid, it is 'of no effect' and cannot establish the trial court's jurisdiction over a party"); *see also Insurance Co. of State of Penn. v. Lejeune*, 297 S.W.3d 254, 255 (Tex. 2009) (there is no valid service in Texas without "strict compliance with the rules for service of citation"); *Primate Const., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994) ("There are no presumptions in favor of valid issuance, service, and return of citation").

12. Despite this, upon discovering that Plaintiff had filed not only a lawsuit but a Motion for Default Judgment, and out of a desire to minimize the expenses of service to the extent practicable, Defendant promptly filed an Answer in the State Court Action on March 20, 2023.

13. Under Texas law, Defendant's filing of its Answer constituted its general appearance in the State Court Action and a waiver of the defects in Plaintiff's attempted service. Tex. R. Civ. P. 120 (a general appearance has "the same force and effect as if the citation had been duly issued and served as provided by law"); Tex. R. Civ. P. 121 ("An answer shall constitute an appearance of the defendant so as to dispense with the necessity for the issuance or service of citation upon him").

14. Defendant's 30-day deadline to remove the State Court Action thus began to run on March 20, 2023, the day on which Defendant made its general appearance in the State Court Action.

15. Defendant is thus filing this Notice of Removal within the 30-day deadline imposed by 28 U.S.C. § 1446.

**(ii).  Required Attachments**

16. There have been no papers whatsoever served upon Defendant in the State Court Action, and so, strictly speaking, there are no attachments to this Notice required by 28 U.S.C. § 1446(a).

17. That said, pursuant to Local Rule 81.1(a), Defendant is submitting, as separate attachments, the following documents with this Notice of Removal:

   a. Plaintiff's Original Petition, which was filed in the State Court Action on January 6, 2023, inclusive of its exhibits (attached as Exhibit A-2);

   b. A Citation, which was filed in the State Court Action on January 9, 2023, (attached as Exhibit A-3);

   c. Plaintiff's Amended Petition, which was filed in the State Court Action on February 27, 2023, inclusive of its exhibits (attached as Exhibit A-4);

   d. Plaintiff's Motion for Default Judgment, which was filed in the State Court Action on March 13, 2023, inclusive of its exhibits (attached as Exhibit A-6);

   e. Defendant's Answer, which was filed in the State Court Action on March 20, 2023, inclusive of its exhibits (attached as Exhibit A-7);

   f. An index of all documents that clearly identifies each document and the date that it was filed in the State Court Action (attached as Exhibit A);

   g. A copy of the docket sheet in the State Court Action (attached as Exhibit A-1);

   h. A completed Civil Cover Sheet;

   i.  A completed Supplemental Civil Cover Sheet; and

   j.  A completed and signed Certificate of Interested Persons.

33. Defendant will file a true copy of this Notice of Removal with the Clerk of County Court at Law No. 3, Tarrant County, Texas, as required by law (a copy of this Notice of Filing of Notice of Removal is attached as Exhibit C).

34. Defendant will give written notice of the filing of this Notice of Removal to Plaintiff's counsel (a copy of this notice is attached as Exhibit D).

35. The undersigned has read this Notice of Removal, and to the best of the undersigned's knowledge, information, and belief, formed after a reasonable inquiry, it is well grounded in fact; as warranted by existing law or an extension or modification of existing law; and is not interposed for any improper purposes, such as to harass or cause unnecessary delay or needless increase in the cost of this litigation.

WHEREFORE, Defendant prays that this action be removed to this Court and that this Court accept jurisdiction of this matter, and henceforth that this action be placed on the docket of this Court for further proceedings, as if it had originally been filed in this Court.

Dated this 30th day of March, 2023:

        Respectfully submitted,

        */s/ Angella H. Myers*
        Angella H. Myers
        Texas Bar No. 24027229
        angella.myers@kdvlaw.com
        KAUFMAN DOLOWICH & VOLUCK, LLP
        14643 Dallas Pkwy., Suite 550
        Dallas, Texas 75254
        Telephone: (972) 781-2400
        Fax: (972) 781-2401
        Attorneys for Defendant

**Certificate of Service**

I certify that, on Thursday, March 30, 2023, this Notice of Removal was served upon the persons listed below by electronically filing the document using the Court's CM/ECF electronic filing system:

    Christian Jenkins
    State Bar No. 10625500
    jenkins5@aol.com
    Law Offices of Christian Jenkins, PC
    1307-B W. Abram St., Suite 100
    Arlington, Texas 76013
    Attorney for Plaintiff

                                    */s/ Angella H. Myers*
                                    Angella H. Myers