E-FILED
TARRANT COUNTY, TEXAS
2/27/2023 2:00 AM
Mary Louise Nicholson
COUNTY CLERK
BY: B O

CAUSE NO. 2023-00159-3

| | | |
|---|---|---|
| STEPHANIE LASHAUN HILL, | § | IN THE COUNTY COURTS OF |
| Plaintiff, | § | |
| | § | |
| vs. | § | TARRANT COUNTY, TEXAS |
| | § | |
| CGPD LLC d/b/ a TRINITY HEIGHTS | § | |
| APARTMENTS, | § | |
| Defendant. | § | COUNTY COURT AT LAW NO. 3 |

## PLAINTIFF'S FIRST AMENDED PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW STEPHANIE LASHAUN HILL (hereinafter referred to as "Plaintiff") Plaintiff in the above-numbered and styled cause, complaining of CGPD LLC d/b/a TRINITY HEIGHTS APARTMENTS   (hereinafter referred to as "Defendant"), and for her cause of action would respectfully show the Court and jury the following:

### I.
### Discovery

Pursuant to Tex. R. Civ. P. 190, a Level 1 discovery control plan is appropriate in this case. Plaintiff seeks only monetary relief of less than $250,000.00 including damages of any kind, penalties, cost, expenses, pre-judgement interest and attorney fees.

### II.
### Parties, Jurisdiction and Venue

Plaintiff is a resident of Fort Worth, Tarrant County, Texas the last four digits of Plaintiff's social security number are 9152 and the last three digits of Plaintiff's drivers' license are 001.

Plaintiff's Original Petition                                                                 Page 1


EXHIBIT
A-4

Defendant CGPD LLC d/b/a TRINITY HEIGHTS APARTMENTS is licensed to do business in Texas and may be served with process by serving its registered agent, George P Smits Jr, 8111 LBJ Freeway, Ste. 1550, Dallas, TX 75251.

This Court has jurisdiction over the subject matter of this cause as the amount in controversy is in excess of the minimum jurisdictional limits of this Court.

Venue is proper in Tarrant County, Texas pursuant to section 15.002(a)(1) of the Texas Civil Practice and Remedies Code as a substantial part of the events giving rise to this cause of action occurred in Tarrant County, Texas.

### III.
### Facts

Plaintiff, an African American female, is a former employee of Defendant. Plaintiff was hired around February of 2020; Plaintiff was sexually harassed by Chris (LNU), Maintenance Supervisor, from almost the beginning of her employment. Plaintiff complained to Misty Freeman, Plaintiff's supervisor, about the inappropriate sexual comments made to Plaintiff by Chris (LNU), such as, "Have you ever stripped?, your butt is rather large, it looks like you don't have a bra or panties on, do you have a boyfriend?" etc. Chris (LNU) called the Plaintiff "Strippa" rather than by her name. Cameron Jefferson, a co-worker of Plaintiff, also complained to Ms. Freeman that she was being sexually harassed by Chris.(LNU). Ms. Freeman told Plaintiff she would talk to him, but that was just Chris, and he meant no harm.

The sexual harassment slowed down for a little while, but Chris (LNU) started making the sexual comments again. Around the second or third week of June, 2020, Plaintiff emailed Julie Lumpkin, Regional Manager, to complain about the sexual harassment.

Copy from re:SearchTX

On June 29, 2020, the staff had to work remotely due to Covid-19 and would work remotely until July 10, 2020. Plaintiff returned to the work place on July 13, 2020, when she again complained to Missy Freemen that she was being sexually harassed. Plaintiff stated that she felt that Ms. Freeman was not doing anything about the harassment, so she was going to have to go to human resources.

Plaintiff who was pregnant at this time had an appointment with her OB/GYN on July 16, 2020. At that appointment the Plaintiff's employment , the recent Covid-19 case, and the Plaintiff's suspicion that the office space had not been properly cleaned and disinfected after a Covid -19 infected individual had been in the office were discussed. Plaintiff's treating doctor considered how early she was in her pregnancy and gave her restrictions of working from home.

Ms. Freeman when given the doctor's note said, "Oh no, I need you here." Plaintiff asked Ms. Freemen if managers were allowed to work remotely. She stated they were as long as someone was in the office. Ms. Freeman was working in the office . Plaintiff worked the week of July 13th in the offic. On July 17, 2020, Plaintiff asked Ms. Freemen if she had spoken to Chris (LNU) about the sexual harassment. Plaintiff did not receive a response. On July 20, 2020, Plaintiff resumed working remotely ; since Plaintiff lived on property, if she was needed in the office or there was any type of emergency, she was readily available. Ms. Freeman had also informed her that managers were eligible for remote status as long as someone was working in the office. Plaintiff knew Ms. Freemen was working in the office, and Ms. Freemen knew Plaintiff could be reached in a moments notice. On Thursday, July 23, 2020, LL Roberts and Misty Williams called Plaintiff to inform her that July 22, 2020 was her last day of employment. Plaintiff contends she was terminated from her employment and/or discriminated against by the Defendant based upon her pregnancy, in retaliation

Copy from re:SearchTX

for complaining about sexual harassment, and in retaliation for requesting a reasonable accommodation. Plaintiff pleads a cause of action against Defendant for sexual discrimination, pregnancy discrimination, retaliation for complaining about sexual harassment, and in retaliation for requesting a reasonable accommodation in violation of Title VII of the Civil Rights Act of 1964, the ADAAA, the Texas Commission on Human Rights Act, and chapter 21 of the Texas Labor Code. Plaintiff has exhausted all administrative remedies as shown by her Right to Sue letter, attached as Exhibit A.

## IV.
## Damages

As a result of said wrongful discharge, Plaintiff has been damaged in that Plaintiff has lost wages and benefits in the past and may suffer a loss of future earnings and benefits. Plaintiff has further suffered mental anguish in the past and will continue to suffer mental anguish in the future. Plaintiff brings this cause of action to recover such damages.

Plaintiff will show that she is entitled to exemplary damages as a result of the willful, intentional and malicious wrongful discharge/termination and/or discrimination by the Defendant. Plaintiff further is entitled to exemplary damages in that the defendant acted with intentional malice in terminating her employment. Plaintiff is further entitled to reasonable attorney fees for representation in this lawsuit.

## V.
## Jury Demand

Plaintiff hereby demands trial by jury.

WHEREFORE, Plaintiff prays that the Defendant be cited to appear and answer herein and that, upon final trial of this cause, Plaintiff have and recover judgment from the Defendant as

Copy from re:SearchTX

follows:  actual damages in a sum in excess of the minimum jurisdictional limits of the Court,

attorney's fees, punitive damages; pre-judgment interest as provided by law; interest on the judgment

at the legal rate; costs of court; attorney fees, and such other  relief,  at law or in equity,  to which

Plaintiff may show herself justly entitled.

Respectfully Submitted,
**Law Offices of Christian Jenkins, P.C.**
By:/s/ Christian Jenkins
Christian Jenkins
State Bar No. 10625500
1307-B West Abram, Suite 100
Old Town Office Plaza
Arlington, Texas   76013
jenkins5@aol.com
(817) 461-4222 – telephone
(817) 461-5199 – facsimile

---

Copy from re:SearchTX

EEOC Form 161-B (01/2022)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | **Stephanie Hill**<br>**8025 Summer Stream Drive**<br>**Fort Worth, TX 76134** | From: | **Dallas District Office**<br>**207 S. Houston Street, 3rd Floor**<br>**Dallas, TX 75202** |
|---|---|---|---|

| EEOC Charge No.<br>**450-2021-00918** | EEOC Representative<br>**Terance Hobbs,**<br>**Enforcement Investigator** | Telephone No.<br>**(972)918-3628** |
|---|---|---|

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

More than 180 days have passed since the filing of this charge.

The EEOC is terminating its processing of this charge.

*Equal Pay Act (EPA): You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.*

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

**TERANCE HOBBS** Digitally signed by TERANCE HOBBS
Date: 2022.11.08 14:00:51 -06'00'

For

Enclosures(s)

**Travis Nicholson**
**Dallas District Director**

Copy from re:SearchTX

cc:   Isabel DValle
      Kaufman Dolowich & Voluck LLP
      14643 DALLAS PKWY STE 550
      Dallas, TX 75254
      Sharon S Gilmore
      Kaufman Dolowich & Voluck, LLP
      14643 DALLAS PKWY STE 550
      Dallas, TX 75254
      Amber  Beard
      Kaufman Dolowich & Voluck, LLP
      14643 DALLAS PKWY STE 550
      Dallas, TX 75254
      Erica Briggs
      8111 LYNDON B JOHNSON FWY STE 1550
      Dallas, TX 75251
      Angella H Myers
      Kaufman Dolowich & Voluck, LLP
      14643 DALLAS PKWY STE 550
      Dallas, TX 75254
      Rosena Manor
      LL Roberts Group
      12225 GREENVILLE AVE STE 300
      Dallas, TX 75243

      CHRISTIAN JENKINS
      LAW OFFICE OF CHRISTIAN JENKINS
      1307B  W. ABRAM STREET SUITE 100
      ARLINGTON 76013
      Anita Wiggins
      CHRISTIAN JENKINS LAW FIRM
      Arlington, TX 76013

Copy from re:SearchTX

Enclosure with EEOC
Form 161-B (01/2022)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** — **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days of the date you *receive* this Notice**. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** — **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** — **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*